IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TODD C. BANK, INDIVIUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | : : : | |
| Plaintiff, | : | Case No. 1:18-CV-02554-AMD-PK |
| vs. | : | Judge Donnelly |
| ICOT HOLDINGS, LLC AND ICOT HEARING SYSTEMS, LLC, | : : | Magistrate Judge Kuo |
| Defendants. | : : | |

### MOTION OF DEFENDANTS, ICOT HOLDINGS, LLC, ICOT HEARING SYSTEMS, LLC AND JACOB ZELLWEGER TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Todd C. Bank sought, and obtained, leave to file a Second Amended Complaint to: (i) name individual defendants; and (ii) re-define his putative classes based on the class settlement in *Hennie v. ICOT Hearing Systems, LLC*, N.D. Ga. Case No. 18-cv-02045-WMR (the "Hennie Settlement"). (ECF No. 121; Nov. 20, 2019 Entry Order.) Plaintiff filed his Second (Corrected) Amended Complaint on November 22, 2019 (ECF No. 133.) The amendments fail as a matter of law and Plaintiff's Second Amended Complaint should be dismissed.

With respect to Plaintiff's amended class definitions, Plaintiff acknowledges that he may bring his individual claims only by virtue of an opt-out from the Rule 26(b)(3) class finally approved in the Hennie Settlement. Specifically, Plaintiff's claims would have been released in the Hennie Settlement but for his opt-out. Controlling precedent makes clear that, when an individual opts-out from a class settlement, he or she waives the right to pursue class claims and may only pursue his or her *individual claims*. Therefore, Plaintiff's class claims are improper and the Court should dismiss them from the Second Amended Complaint.

Also, Plaintiff attempts to name an ICOT employee, Jacob Zellweger, as an individual defendant based on calls that were allegedly placed by Prospects DM on behalf of ICOT. Plaintiff's Second Amended Complaint lacks any allegations that, even if true, would give rise to personal participation liability. Under the Telephone Consumer Protection Act ("TCPA"), individuals may be found liable only if they directly participated in or authorized conduct in violation of the TCPA. Plaintiff's bare allegations that Mr. Zellweger made arrangements with ICOT's vendor, Prospects DM, "to make those Class Telephone [Calls]" fail, as a matter of law, to state facts sufficient to show that Mr. Zellweger directly participated in or authorized any unlawful conduct. For this reason, the Court should dismiss all claims asserted against Jacob Zellweger in the Second Amended Complaint.

A Memorandum in Support of this Motion follows.

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (Pro Hac Vice)
Ohio Bar No. 0074034
Walter C. Blackham (Pro Hac Vice)
Ohio Bar No. 0097882
Helen Mac Murray (Pro Hac Vice)
Ohio Bar No. 0038782
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email: lmessner@mslawgroup.com
          cblackham@mslawgroup.com
          hmacmurray@mslawgroup.com

*Counsel for Defendants,*
*ICOT Holdings, LLC,*
*ICOT Hearing Systems, LLC*
*and Jacob Zellweger*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TODD C. BANK, INDIVIUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | : : : | |
| Plaintiff, | : | Case No. 1:18-CV-02554-AMD-PK |
| vs. | : | Judge Donnelly |
| ICOT HOLDINGS, LLC AND ICOT HEARING SYSTEMS, LLC, | : | Magistrate Judge Kuo |
| Defendants. | : : | |

**MEMORANDUM OF DEFENDANTS, ICOT HOLDINGS, LLC, ICOT HEARING SYSTEMS, LLC AND JACOB ZELLWEGER IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff's claims arise from two phone calls he received in 2018 from Prospects DM, which he claims were placed on ICOT's behalf. (Second (Corrected) Amended Complaint ("Complaint"), ECF No. 133 at ¶¶ 34-40.) Plaintiff acknowledges these calls were included in Hennie Settlement and its associated class release, which was finally approved by the Northern District of Georgia on November 8, 2019.[1] (Pl.'s Mot. for Leave to Amend, ECF No. 121 at PageID#788 ("Defendants settled class claims arising out of the same telephone calls at issue in the present case….").) Indeed, the Hennie Settlement released claims on behalf of a class defined as "all called persons transferred to ICOT Hearing Systems, LLC d/b/a ListenClear from Prospects DM at any time between August 1, 2016 and December 31, 2018" – which completely

---

[1] The Nov. 18, 2019 Final Approval Order in *Hennie* is attached hereto as Exhibit A (the "Hennie Final Order").

3

encompasses the period in which Plaintiff alleges to have received the phone calls complained of in the Complaint. (Hennie Final Order, Exhibit A.)

Plaintiff maintains his individual claims solely because his mother, Michele Bank (who is the Subscriber to the telephone number to which these calls were placed), opted out of the Hennie Settlement. (ECF No. 121, PageID#788.) The Complaint also attempts to carve out the Hennie Settlement from the amended class definition. In particular, the Complaint defines the proposed class as those who received telephone calls, "except to the extent that the claims of such persons were lawfully released by *Hennie v. ICOT Hearing Systems, LLC*, No. 18-cv-02045 (N.D. Ga.), during the period beginning four years prior to the commencement of this action until August 7, 2019." (Complaint, at ¶¶ 2-4.)

The Complaint also adds claims against three individuals employed by the corporate defendants in an attempt to extend personal liability to those individual defendants. Pertinent to this motion, the Complaint names an ICOT employee, Jacob Zellweger,[2] based solely on the following allegations:

- Zellweger: "Defendant Jacob Zellweger ('Zellweger') arranged, with Grant, for Prospects DM to make those Class Telephone [sic] that have been made from approximately March 2018, through the present." (Complaint, at ¶ 60.)

## II. LAW AND ARGUMENT

A. Plaintiff's opt-out from the *Hennie* class settlement bars Plaintiff from asserting a class action lawsuit.

Plaintiff acknowledges that he is only able maintain the present action by virtue of an opt-out from the Hennie Settlement. (ECF No. 121, PageID#788.) However, the Eastern District of

---

[2] The Complaint also names a former ICOT employee, Blair Jesswein and a Prospects DM employee, Joshua Grant, who are not parties to this Motion.

4

New York makes clear that individuals cannot opt-out of a class settlement, only then to assert their own class action lawsuit under the same operative facts:

> Class members who opt out of a class action are free to file separate individual claims, but they may not frustrate the efficiency and benefits afforded by the class action procedure by opting out of the class action and then resurrecting class claims in the same or separate action.  If opt-out plaintiffs wish to pursue their individual claims, they must do so individually, and not as a resurrected class asserting claims arising from factual predicates identical to those asserted in the prior class action from which they opted-out.

*Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 275 (E.D.N.Y.2017); *see also Eisen v. Carlisle*, 417 U.S. 156, 176, 94 S. Ct. 2140, 2152, 40 L. Ed. 2d 732 (1974).

Moreover, numerous courts hold that class actions arising under Rule 26(b)(3) (such as the *Hennie* class) grant an opt-out right, giving putative class member the option of either: (i) enjoying the benefits of class adjudication; or (ii) waiving his or her class claim by opting out and suing on an individual basis.  *Johnson v. Nextel Commc'ns*, 293 F.R.D. 660, 666 (S.D.N.Y. 2013) ("Rule 23(b)(3) permits that such plaintiffs may exclude themselves, or 'opt out,' of the class action or settlement, *provided that* they release their class claims when doing so and proceed solely on an individual basis.") (emphasis in original); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 88 (S.D.N.Y. 2001) (members of a Rule 26(b)(3) class "must be given an option: to gain the convenience of class membership, or opting-out and suing individually."); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. App. 2006) ("[I]ndividual class members must have a chance to opt out of the class and *go it alone* -- or not at all -- without being bound by the class judgment.") (emphasis added).

Here, by maintaining this action as an opt-out from the Hennie Settlement, Plaintiff "relinquishe[d] his right to bring class claims and may proceed only on an individual basis." *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 276 (dismissing class claims set forth

an opt-out plaintiffs' complaint). Because Plaintiff cannot maintain a class action based upon the opt-out from the Hennie Settlement, his class claims are barred as a matter of law and should be dismissed or striken from the Complaint.

### B. Plaintiff's class definition is also barred because Plaintiff is not a member of the class as it is redefined.

Even if Plaintiff were able to bring a class action in light of the *Hennie* opt-out, the amended class definition is still legally deficient. Plaintiff's purported redefined class includes individuals: (i) who are not subject to the Hennie Settlement's release (i.e., the five individuals who opted out of the Hennie Settlement); and (ii) who received calls after the December 31, 2018 effective date of the *Hennie* release. (Complaint, ¶¶ 2-4.)

Simply stated, Plaintiff is not similarly situated to a class of persons who allegedly received calls after the Hennie Settlement's release. Facing analogous facts – where "[f]or each named plaintiff, that alleged illegal conduct is outside the class periods that the plaintiffs proposed in their motion" – a court found that "because of the dates of conduct that they have individually alleged … the named plaintiffs are not members of the classes they respectively propose to represent." *In re TRS Recovery Servs.*, 2014 U.S. Dist. LEXIS 38616, at *5-7 (D. Me. Mar. 20, 2014) (concluding that "I know of no authority for the proposition that someone who is not a member of the class can represent the class under Fed. R. Civ. P. 23"); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

Here, Plaintiff is not a member of the class he proposes to redefine, i.e., people called after the Hennie Settlement's release. Plaintiff's individual claims are not typical of the purported class's claims. Therefore, the class claims should be dismissed or stricken for this reason also.

### C. Plaintiff failed to plead facts that support any cause of action against Jacob Zellweger in his individual capacity.

An individual may only be held personally liable for violations of the TCPA if he or she "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, S.D.N.Y. No. 14-cv-3232 (NSR), 2016 U.S. Dist. LEXIS 42615, at *17 (Mar. 29, 2016). Courts consistently hold that an employee will only be personally responsible for calls placed by his or her employer when the individual has "active oversight of, or control over, the conduct that violated the TCPA." *City Select Auto Sales, Inc. v. David Randall Assocs.*, Civil Action No. 11-2658, 2017 U.S. Dist. LEXIS 46133, at *14 (D.N.J. Mar. 28, 2017). *See also Texas v. Am. Blast Fax, Inc.*, 164 F.Supp.2d 892, 894 (W.D. Tex. 2001) (only finding personal participation liability where "[t]he officers were found to have exercised direct, personal involvement in and ultimate control over every aspect of [the company's] wrongful conduct that violated the TCPA, and/or directly controlled and authorized this conduct").

To the contrary, personal participation liability will not extend where a complaint fails to plead that the employee directly participated in or authorized the actionable conduct. *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 U.S. Dist. LEXIS 206257, at *14-15 (E.D. Tex. Oct. 14, 2018) (dismissing action where Plaintiff failed to sufficiently plead that the employee defendant "had direct personal participation in and/or that she personally authorized any of the alleged wrongful conduct in violation of the TCPA"); *Compressor Eng. Corp. v. Mfrs. Fin. Corp.*, 269 F. Supp. 3d 797, 814 (E.D. Mich.2017) (finding no basis for personal participation liability where "Plaintiff has not produced any evidence that could establish that [the employee] had direct, personal participation in or personally authorized the conduct that violated the TCPA in this case") (internal quotations omitted).

7

Here, Plaintiff's allegations against Mr. Zellweger state no facts other than that he arranged for ICOT's vendor, Prospects DM, "to make those Class Telephone Calls." (Complaint, at ¶ 60.) Plaintiff fails to allege that Mr. Zellweger directly participated in or authorized any conduct by Prospects DM that violated the TCPA (e.g., any involvement in ensuring proper consent to be called or compliance with Do-Not-Call restrictions). Because Plaintiff pled no facts that would give rise to personal participation liability, all claims asserted against Mr. Zellweger should be dismissed.

### III. CONCLUSION

For the reasons explained in this Memorandum, Defendants ICOT Holdings, LLC, ICOT Hearing Systems, LLC and Jacob Zellweger respectfully move the Court for an Order: (i) dismissing or striking the class allegations contained in the Second Amended Complaint; and (ii) dismissing all claims asserted against Jacob Zellweger in his individual capacity.

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (Pro Hac Vice)
Ohio Bar No. 0074034
Walter C. Blackham (Pro Hac Vice)
Ohio Bar No. 0097882
Helen Mac Murray (Pro Hac Vice)
Ohio Bar No. 0038782
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email: lmessner@mslawgroup.com
      cblackham@mslawgroup.com
      hmacmurray@mslawgroup.com

*Counsel for Defendants,*
*ICOT Holdings, LLC,*
*ICOT Hearing Systems, LLC*
*and Jacob Zellweger*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served on Plaintiff Todd C. Bank via the Court's electronic-filing (ECF) system which will send notice to all parties on this 16th day of December 2019.

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner (Pro Hac Vice)
Ohio Bar No. 0074034

*Counsel for Defendants,*
*ICOT Holdings, LLC,*
*ICOT Hearing Systems, LLC*
*and Jacob Zellweger*