# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HENNIE, on behalf of himself and others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:18-CV-02045-WMR |
| v. ) ) ) | |
| ICOT HEARING SYSTEMS, LLC, D/B/A LISTENCLEAR and ICOT HOLDINGS, LLC, et al. ) ) ) ) ) | |
| Defendants. ) ) ) | |

## FINAL APPROVAL ORDER AND JUDGMENT

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on June 6, 2019 (Doc. 25), and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order. Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I. Jurisdiction

1. This Court has jurisdiction over the subject matter of the Action and

35655595v1

Case 1:18-cv-02548-AWT Document 45 Filed 06/12/19 Page 2 of 9
Case 1:18-cv-02045-WMR Document 38 Filed 12/26/18 Page 2 PageID #: 1618

EXHIBIT B

over all parties to the Action, including all Settlement Class Members.[1]

## II. Class Definition

2. Under Federal Rule of Civil Procedure 23(c), the Court certifies the following "Settlement Class," consisting of:

> Plaintiff and all called persons transferred to ICOT Hearing Systems, LLC d/b/a ListenClear from Prospects DM at any time between August 1, 2016 and December 31, 2018.

## III. Class Representative and Class Counsel

3. Under Federal Rule of Civil Procedure 23, Matthew Hennie is hereby appointed as Class Representative.

4. The following are hereby appointed as Class Counsel:

> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln St., Suite 2400
> Hingham, MA 02043
>         -and-
> Steve Koval
> THE KOVAL FIRM, LLC
> 3575 Piedmont Road
> 15 Piedmont Center, Suite 120
> Atlanta, GA  30305
>         -and-
> Edward Broderick

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

Case 1:18-cv-02548-AMD-DLI Document 38 Filed 06/21/19 Page 3 of 9 PageID #: 1619
Case 1:18-cv-02045-WMR Document 67-2 Filed 12/6/18 Page 3 of 9

**EXHIBIT B**

      BRODERICK LAW, P.C.
      99 High St., Suite 304
      Boston, Massachusetts 02110
       -and-
      Matthew P. McCue
      THE LAW OFFICE OF MATTHEW P. MCCUE
      1 South Avenue, Suite 3
      Natick, Massachusetts 01760

### IV. Rule 23 Requirements

5. Pursuant to Rule 23(a), the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6. Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

### V. Notice and Opt-outs.

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under

Case 1:18-cv-02545 Document 38 Filed 12/16/19 Page 4 of 9 PageID #:1620
Case 5:18-cv-02045-DMR Document 67-2 Filed 06/21/19 Page 4 of 9

**EXHIBIT B**

the circumstances, including individual notice to all Class members who could be identified through reasonable effort.

8.  The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.  All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. The list of persons submitting notices seeking exclusion from the Settlement Class, contained at Exhibit F of the Declaration of Jay Geraci Re: Notice Procedures, and submitted by Plaintiff pursuant to the Preliminary Approval Order, is hereby accepted as the list of persons who have made timely and valid requests for exclusion. The Parties have also agreed to add John Haible who submitted an exclusion request to the Court (Doc. 28) to this list and it is so approved.

### VI. Final Approval of the Settlement.

10.  Pursuant to the Settlement Agreement, the Defendant shall pay One Million Two Hundred Thousand Dollars and 00 Cents ($1,200,000) to create the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted. In

Case 1:18-cv-02545-WMR Document 167-2 Filed 12/16/19 Page 5 of 9
Case 1:18-cv-02045-DWM Document 38 Filed 12/2/19 Page 5 PageID #: 1621

EXHIBIT B

addition to payments from the Settlement Fund, Defendant has also agreed that they have taken steps to ensure compliance going forward with the telemarketing conduct alleged in the First Amended Complaint.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. There are no objections to this settlement and only five requests for exclusions. The Court held a hearing at 1:30 p.m. on November 13, 2019, at which time the parties were afforded the opportunity to be heard in support of the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on June 10, 2019, and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13. The Court clarifies that the Settlement Agreement does not preclude or

5

discourage Settlement Class members from contacting, assisting, responding to, or otherwise cooperating with governmental authorities relating to the issues raised in the Settlement Agreement.

14. The Settlement Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

15. In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to, limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

16. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

Case 1:18-cv-02548-AWI-DMR Document 167-2 Filed 06/21/18 Page 7 of 9
Case 1:18-cv-02045-DWM Document 38 Filed 12/26/18 Page 7 PageID #: 1623

**EXHIBIT B**

17. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

19. The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

20. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated

7

hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

21. Neither this Final Approval Order and Judgment as to the Defendant nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby **DIRECTED** to enter this Final Approval Order and Judgment.

Case 1:18-cv-02545-WMR Document 38 Filed 12/6/19 Page 9 of 9 PageID #: 1625

**EXHIBIT B**

DATED: November 18th, 2019

*William M. Ray II* (signature)

---

William M. Ray, II
United States District Court
Northern District of Georgia

9