UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiff*,

-against-

ICOT HOLDINGS, LLC, and
ICOT HEARING SYSTEMS, LLC,

*Defendant*s.

1:18-cv-02554-AMD-PK

**PLAINTIFF'S OBJECTIONS TO THE REPORT
AND RECOMMENDATION DATED JANUARY 1, 2023**

TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

**TABLE OF CONTENTS**

<div align="right">

**Page**

</div>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATUTES, RULES, AND REGULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.     DEFENDANTS' CLASS SETTLEMENT IN ANOTHER
       CASE DOES NOT PRECLUDE CLASS CERTIFICATION . . . . . . . . . . . . . . . . . . . . . 1

II.    THE UNNAMED CLASS MEMBERS
       DO NOT INCLUDE NON-SUBSCRIBERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   PLAINTIFF WAS A "CALLED PARTY" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**Page**

**STATUTES, RULES, AND REGULATIONS**

28 U.S.C. § 636(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

47 C.F.R. § 64.1200(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

47 U.S.C. § 227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fed. R. Civ. P. 72(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

N.Y. Gen. Bus. Law § 399-p(3)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CASES**

*Ansoumana v. Gristede's Operating Corp.*,
   201 F.R.D. 81 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Liew v. Cohen & Slamowitz, LLP*,
   265 F. Supp. 3d 260 (E.D.N.Y.2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**INTRODUCTION**

Plaintiff, Todd C. Bank ("Bank"), submits these Objections, pursuant to 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, to the Report and Recommendation dated January 1, 2023, by Magistrate Judge Peggy Kuo (the "R & R"; Dkt. No. 193); and for any other lawful and proper relief.

**BACKGROUND**

This action arises under (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); specifically: (a) Section 227(b)(1), which prohibits the placement of pre-recorded telephone calls to residential and cellular telephone numbers; and (b) 47 C.F.R. § 64.1200(c)(2), a TCPA regulation that prohibits the placement of solicitations to telephone numbers on the National Do Not Call Registry; and (ii) New York General Business Law Section 399-p(3)(a), which requires that telephone calls that are placed through the use of an automatic dialing-announcing device contain certain disclosures.

The operating complaint is the Second Amended Complaint (Dkt. No. 133).

**ARGUMENT**

**POINT I**

**DEFENDANTS' CLASS SETTLEMENT IN ANOTHER
CASE DOES NOT PRECLUDE CLASS CERTIFICATION**

The R & R, referring to the settlement in *Hennie v. ICOT Hearing Systems, LLC*, No. 18-cv-02045 (N.D. Ga.), states that "[t]hose who opted out of the *Hennie* Settlement Class, however, can sue only in their individual capacities for the period covered by the *Hennie* litigation and may not join the Proposed Classes." R & R at 10, citing *Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260 (E.D.N.Y.2017), and *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001). However, this Court, in denying the motion by Defendants, ICOT Holdings, LLC, and ICOT Hearing

1

Systems, LLC (collectively, "ICOT"), to dismiss the Second Amended Complaint (the "Dismissal

Motion"; Dkt. No. 135), recognized that Bank was not a member of the *Hennie* class:

> In *Liew*, the plaintiffs opted out of a class settlement, and then
> commenced an identical class action. Magistrate Judge Kuo dismissed
> the complaint, holding that a class member who opts out of a class
> settlement can continue to litigate his individual claims, but cannot
> bring a *new* class action complaint based on the same set of facts. A
> plaintiff who "exercises the right to be excluded from the class action
> by opting out . . . *relinquishes his right to bring class claims and may
> proceed only on an individual basis* . . . [and] may not frustrate the
> efficiency and benefits afforded by the class[-]action procedure by
> opting out of the class action and then *resurrecting* class claims in the
> same or a separate action." *Liew*, 265 F. Supp. 3d at 275.

> This case is different. The plaintiff brought this action *before*
> the parties in *Hennie* settled—and indeed, *before* the *Hennie* action
> itself was *commenced*. He is *not a member* of the *Hennie* class. While
> his mother *was* a member of the *Hennie* class, she *opted out* of the
> settlement after the defendant called her at the plaintiff's number. The
> [Second] [A]mended [C]omplaint also pleads a broader time period
> than the *Hennie* settlement, alleging that the defendants began calling
> class members in 2014, two years before the time period covered by
> the *Hennie* settlement. The considerable overlap between the two
> actions may ultimately defeat the plaintiff's efforts to certify a class,
> but the *Hennie* settlement does not, at the motion[-]to[-]dismiss stage,
> extinguish the plaintiff's class[-]action claims.

Memorandum Decision and Order dated September 29, 2020 (the "Denial Order"; Dkt. No. 140) at

4-5 (emphases added; footnote omitted); *see also id.* at 2 ("[w]hile the plaintiff was not a class

member in the *Hennie* litigation, his mother, who also received calls from the defendants at the

plaintiff's home telephone number (which they appear to share) opted out of the *Hennie* settlement.").

Thus, the R & R's statement that "Plaintiff does not explain why he was not a member of the *Hennie*

Settlement Class," R & R at 10, and that, "because he did not opt out, Plaintiff's claim should have

been released," *id.*, is both erroneous and in disregard of the law of the case. Moreover, putative class

members who opt out of a class are not limited to bringing individual actions in any event. *See* Bank's

Reply Memorandum of Law in Support of Motion for Class Certification ("Pl. Reply Mem."; Dkt.

No. 168-1) at 15-18.

2

## POINT II

## THE UNNAMED CLASS MEMBERS DO NOT INCLUDE NON-SUBSCRIBERS

The R & R states that Bank "suggests that the Proposed Classes include any individual, such as himself, who is a frequent user of a telephone number based on the amount of time he uses the phone and his authority to answer it." R & R at 11, citing Pl. Reply Mem. at 6-9. However, Bank's argument was simply a response to ICOT's "argu[ment], as ICOT argued when opposing Bank's motion to file the Second Amended Complaint, that Bank was not a 'called party' and therefore does not have standing." Pl. Reply Mem. at 5. The *unnamed* class members would be the *subscribers*, as ICOT itself recognized given that its sole argument concerning the scope of a "called party" was directed only at Bank. *See* ICOT's Memorandum of Law in Opposition to Motion for Class Certification ("Def. Opp. Mem."; Dkt. No. 167) at 10-16. Furthermore, ICOT''s argument concerning ascertainability did not even concern the notion that the unnamed class members included non-subscribers. *See* Def. Opp. Mem. at 16-21.

Because the R & R's discussion of ascertainability was based solely upon the erroneous assumption that the unnamed class members include non-subscribers, *see* R & R at 13-16, that discussion is superfluous.

## POINT III

## PLAINTIFF WAS A "CALLED PARTY"

The R & R suggests that Bank was not a "called party" and therefore does not have standing. *See* R & R at 12-13. However, the R & R does not explain why Bank's reliance upon case law that concerned cell phones, which are regulated by the same section and the same language as are residential telephones, *see* 47 U.S.C. § 227(b)(1), is inapplicable here. *See* Pl. Reply Mem. at 4-9.

**CONCLUSION**

Plaintiff respectfully requests that this Court issue an Order: (i) pursuant to 28 U.S.C. Section 636(b)(1)(C) and Rules 23 and 72(b)(2) of the Federal Rules of Civil Procedure, certifying one or more of the putative classes; and granting Plaintiff, and any putative class that is certified any other lawful and proper relief.

Dated: January 5, 2023

<div style="margin-left:50%">

Respectfully submitted,

   s/ *Todd C. Bank*

TODD C. BANK,
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that, on January 5, 2023, a true and accurate copy of the foregoing is being filed electronically via the Court's electronic-case-filing (ECF) system. Notice of this filing will be sent by the Court's ECF system to all parties, and copies will be mailed to those parties, if any, that are not served in such manner.

Dated: January 5, 2023

                                          **s/ *Todd C. Bank***
                                          Todd C. Bank