UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, | : : : | 1:18-cv-02554-AMD-PK |
| Plaintiff, | : : | |
| vs. | : : | Judge Ann M. Donnelly |
| | : : | Magistrate Judge Peggy Kuo |
| ICOT HOLDINGS, LLC, and ICOT HEARING SYSTEMS, LLC, | : : : | |
| Defendants. | : : | |

**RESPONSE OF DEFENDANTS ICOT HOLDINGS, LLC AND ICOT HEARING SYSTEMS TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION DATED JANUARY 1, 2023**

Pursuant to Fed. R. Civ. P. 72(b)(2), Defendants ICOT Holdings, LLC and ICOT Hearing Systems, LLC (collectively "Defendants") respectfully responds to Plaintiff Todd C. Bank's Objections to the Magistrate's Report and Recommendation denying Plaintiff's Motion for Class Certification, dated January 1, 2023 (ECF No. 194, "Pl.'s Obj."). The Magistrate's Report and Recommendation (ECF No. 193, "R. & R.") is not clearly erroneous or contrary to law. Therefore, Defendants respectfully urge the Court to adopt and issue the Magistrate's Report and Recommendation.

    A.    <u>Standard of Review</u>

A party may object to a Magistrate's order on dispositive matters. Fed. R. Civ. P. 72(b)(2). When an objection is filed, the district judge reviews the Magistrate's disposition *de novo*, and may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3)).

B.  The Magistrate did not factor Plaintiff's lack of involvement into her Report and Recommendation.

Plaintiff argues that "Defendants' class settlement in another case does not preclude class certification." Pl.'s Obj., ECF No. 194 at PageID #1815. His argument takes issue with Magistrate Kuo's suggestion that "because he did not opt out [of the *Hennie* litigation], Plaintiff's claim should have been released." R. & R., ECF No. 193 at PageID #1805. Plaintiff contends that, because the Report and Recommendation stated that he should have been a class member in *Hennie v. ICOT Hearing Systems, LLC*, N.D. Ga. Case No. 18-cv-02045-WMR, and his claims consequently released, the Magistrate used this as a basis for recommending denial of class certification.

However, the Magistrate did not factor Plaintiff's lack of involvement in the *Hennie* class into her findings. On the contrary, the Report and Recommendation reiterates the Court's finding in its Opinion on the Motion to Dismiss (ECF No. 140) that Plaintiff "was not a member of the *Hennie* Settlement Class," and "assume[s], *arguendo*, that Plaintiff's claim was not released as a result of the *Hennie* litigation." R. & R., ECF No. 193 at PageID #1805. Thus, although the Report and Recommendation discusses Plaintiff's relation to the *Hennie* litigation, it lacks consequence here because the Magistrate explicitly disregarded it in her Report and Recommendation.

C.  Plaintiff's proposed class is improper because he is not a member of the classes he seeks to represent.

Plaintiff also objects to the Magistrate's determination that "the Proposed Classes as defined by Plaintiff are unascertainable and, therefore, cannot be certified." R. & R., ECF No. 193 at PageID #1811. Magistrate Kuo determined that, since the proposed classes would contain individuals "who were not subscribers of the telephone numbers but claim some other basis for joining the class," such as being in Plaintiff's position as a "non-subscriber customary user", it

would not be "administratively feasible" to identify the class members. *Id*. at PageID #1808-1811. Additionally, Plaintiff offered no "workable methodology" to ascertain the class members using objective criteria. *Id*. at PageID #1810.

Plaintiff attempts to rectify his class definition proposals by stating that, actually, "the *unnamed* class members would be the *subscribers*," i.e., *not* non-subscriber customary users. Pl's Obj., ECF 194 at PageID #1817. Essentially, Plaintiff argues that he should be a party to the suit in his individual capacity because of his status as a non-subscriber customary user, but that all of those in his proposed classes, should become class members *only* via their status as subscribers, *i.e.*, "the consumer[s] assigned the telephone number dialed and billed for the call . . . ." R. & R., ECF No. 193 at PageID #1807.

It is well settled law that "[a] litigant," in his individual capacity, "must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). Plaintiff informs the Court that he is able to bring a TCPA claim because he is a "called party" under the statute due to his status as a non-subscriber customary user, yet he states that his proposed classes would *explicitly* exclude such called parties. Plaintiff therefore admits that he is not a member of the class he seeks to represent.

If Plaintiff seeks to represent his proposed classes, they must include not just subscribers, but also non-subscriber customary users. If his classes do not include these individuals, Plaintiff cannot bring a class action, since a litigant "cannot represent a class of whom they are not a part." *Bailey v. Patterson*, 369 U.S. 31, 33 (1962). However, if Plaintiff does include these individuals, Magistrate Kuo's analysis applies, and determining class members would be administratively unfeasible. R. & R., ECF No. 193 at PageID #1808-11. Either one of the following must be true: (1) Plaintiff is not an adequate representative of his classes and thus cannot bring a class action; or

(2) Plaintiff is an adequate representative of his classes, but the classes are unascertainable. Assuming Plaintiff asserts the more-weighty proposition that he is an adequate class representative, the proposed classes are unascertainable.

For a proposed class to be ascertainable, it: "(1) must be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member'; and (2) must be 'defined by objective criteria that are administratively feasible,' such that 'identifying it members would not require a mini-hearing on the merits of each case.'" *In re Petrobas Sec.*, 862 F.3d 250, 266 (2d Cir. 2017) (quoting *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015)). At the class certification stage, "[a]ll that matters is that ascertaining the class is 'objectively possible,' and that requirement is 'modest.'" *In re Namenda Indirect Purchaser Antitrust Litigation*, 338 F.R.D. 527, 549 (S.D.N.Y. 2021) (quoting *In re Petrobas*, 862 F.3d at 270).

As Magistrate Kuo explained, membership in Plaintiff's proposed classes is unascertainable because they would necessarily include non-subscriber customary users of landline telephones. Whereas a class consisting only of subscribers can be determined using objective criteria, *i.e.*, whether their name matches the telephone number called, a class consisting of non-subscriber customary users injects subjectivity into membership. Ultimately, the Court would be conducting "mini-hearings" on each potential class member's relationship to the subscriber's telephone in order to determine whether their usage rises to the level of "customary." R. & R., ECF No. 193, at PageID #1811. Furthermore, potential class members who are indeed customary users of the telephone line in question would then be required affirm that they received a call, and given that the potential class membership extends back to December of 2016, these individuals would essentially be speculating as to their membership. *Id.* at PageID #1810; *Wiener*

*v. Snapple Beverage Corp.*, No. 07 Civ. 8742(DLC), 2010 WL 3119452, at *13 (S.D.N.Y. Aug. 5, 2010) ("[S]oliciting declarations from putative class members regarding their history of Snapple purchases would invite them to speculate, or worse."); *Jones v. ConAgra Foods, Inc.*, No. C 12–01633 CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014) ("Even assuming that all proposed class members would be honest, it is hard to imagine that they would be able to remember which particular Hunt's products they purchased from 2008 to the present, and whether those products bore the challenged label statements."). Indeed, determining class membership would lead the Court down rabbit holes of fact-intensive inquiries that would produce questionable results, at best. Magistrate Kuo correctly determined the classes lack ascertainability.

  D. <u>The Magistrate accepted Plaintiff's definition of "called party".</u>

Plaintiff states that the Magistrate's report "suggests that Bank was not a 'called party' and therefore does not have standing." Pl.'s Obj., ECF No. 194 at PageID #1817. That is not true.

Although Magistrate Kuo's Report and Recommendation dedicates two pages to disputing Plaintiff's status as a called party, she disregards the analysis and states, "[i]t is not necessary to decide here whether Plaintiff's description of who constitutes a 'called party' is correct. For purposes of this Motion, I accept, *arguendo*, Plaintiff's expansive definition of the Proposed Classes to include non-subscriber customary users . . . ." R. & R., ECF No. 193 at PageID # 1807-08. Because the issue of who constitutes a called party failed to factor into the Magistrate's ultimate determination, Plaintiff's objection in this respect fails to warrant modification or reversal of the Report and Recommendation.

  E. <u>Conclusion</u>

Magistrate Kuo's Report and Recommendation correctly identified the pertinent issues with Plaintiff's class definitions, namely that determining membership of the classes would be

unascertainable, administratively difficult, and likely to result in "mini-hearing[s] for each potential class member." *Id*. at PageID #1811. Any analysis the Court employs will lead to this same conclusion. Therefore, Defendants respectfully submit that the Court should adopt the Magistrate's Report and Recommendation and deny Plaintiff's Motion for Class Certification.

                    Respectfully submitted,

                    */s/ Lisa Messner*
                    Lisa Messner (Pro Hac Vice)
                    Ohio Bar No. 0074034
                    Walter C. Blackham (Pro Hac Vice)
                    Ohio Bar. No. 0097882
                    Helen Mac Murray (Pro Hac Vice)
                    Ohio Bar. No. 0038782
                    MAC MURRAY & SHUSTER, LLP
                    6525 West Campus Oval, Suite 210
                    New Albany, Ohio 43054
                    T: (614) 939-9955
                    F: (614) 939-9954
                    Email: lmessner@mslawgroup.com
                              cblackham@mslawgroup.com
                              hmacmurray@mslawgroup.com

                    *Counsel for Defendants*
                    *ICOT Holdings, LLC and*
                    *ICOT Hearing Systems, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on Plaintiff Todd C. Bank via the Court's Electronic-filing (ECF) system which will send notice to all parties on this 18th day of January, 2023.

Respectfully submitted,

*/s/ Lisa Messner*_____
Lisa Messner (Pro Hac Vice)
Ohio Bar No. 0074034
*Counsel for Defendants*
*ICOT Holdings, LLC and*
*ICOT Hearing Systems, LLC*