UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
              :

**TODD C. BANK**,
              :

          Plaintiff,
              :  **MEMORANDUM DECISION AND**
                 **ORDER**
      – against –
              :  18-CV-2554 (AMD) (PK)

**ICOT HOLDINGS, LLC AND ICOT HEARING**
**SYSTEMS, LLC**,
              :

          Defendants.
              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff brought this action individually and as a class action, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, and New York General Business Law ("GBL") § 399-p.  The plaintiff claims that he answered several prerecorded phone calls promoting hearing aids while at his mother's home.  (ECF No. 193 at 1–2.)  His mother's phone was on the National Do-Not-Call Registry, and the calls were "made without the prior express written consent of any person who had the legal right to provide such consent."  (*Id.* at 2 (citation omitted).)  On January 29, 2021, the plaintiff moved to certify the class.  (ECF No. 163.)  I referred the motion to the Honorable Peggy Kuo.

      Judge Kuo issued a comprehensive Report and Recommendation on January 1, 2023, recommending that I deny the plaintiff's motion because the proposed class is not ascertainable.  Judge Kuo reasoned that the plaintiff's class must necessarily include non-subscriber customary users of landline phones, because the plaintiff's mother was the subscriber, not the plaintiff.  (ECF No. 193 at 13–16.)  As Judge Kuo explained, although "it might be possible to match the telephone numbers on [the defendants'] list with a list of names to identify the subscribers of

those numbers," the list does not "ascertain the identities of people . . . who were not subscribers of the telephone numbers but claim some other basis for joining the class." (*Id.* at 14.)[1] The plaintiff proposed no other "workable methodology" to ascertain these non-subscriber class members. (*Id.*)

The plaintiff filed a timely objection to Judge Kuo's Report and Recommendation, claiming that the proposed class members "do not include non-subscribers," and that the class is therefore ascertainable. (ECF No. 194 at 3 (capitalization altered).) The plaintiff also argues that he is a proper "called party" under the TCPA, and that the defendants' class settlement in another case does not preclude class certification. (*Id.* at 1–3.) In response, the defendants urge this Court to adopt Judge Kuo's Report and Recommendation. (ECF No. 195.) For the reasons that follow, I adopt the Report and Recommendation in its entirety.

## BACKGROUND

The plaintiff did not object to Judge Kuo's recitation of the facts and procedural history of this case. (*See* ECF No. 193 at 1–7.) Accordingly, I adopt those facts.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must

---

[1] The defendants produced a list of numbers called between January 2017 and April 2020.

evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (brackets omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). Moreover, the "district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

Judge Kuo recommended that I deny the plaintiff's motion, because the proposed class—which Judge Kuo assumed was comprised of non-subscribers like the plaintiff—was not ascertainable. The plaintiff does not dispute that such a class was not ascertainable. Rather, he argues that Judge Kuo's "discussion of ascertainability was based . . . upon the erroneous assumption that the unnamed class members include non-subscribers;" the plaintiff explains that the "*unnamed* class members would be the *subscribers*" to the numbers on the defendants' list. (ECF No. 194 at 3.) A class consisting solely of subscribers might well be ascertainable, but the plaintiff would not be an adequate representative of such a class, because it is not settled in this Circuit that a non-subscriber like the plaintiff—who does not live with the subscriber but visits regularly—is a "called party" under the TCPA. Under these circumstances, resolving that issue would take up too much of the litigation, at the expense of the class members.

3

As Judge Kuo explained, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party." (ECF No. 193 at 12 (cleaned up) (quoting 47 U.S.C. § 227(b)(1)(B)).) The TCPA does not define "called party," and the FCC has issued only general guidance about the term, noting that a "called party" may be either "the subscriber . . . or the non-subscriber customary user of a telephone number included in a family or business calling plan." (*Id.* at 12 (citation omitted).)

The plaintiff alleges that he was "a frequent user" of his mother's telephone since he "spen[t] what he consider[ed] a large or hefty amount of time at his mother's residence," including "slee[ping] over on a regular basis." (ECF No. 193 at 11 (cleaned up).) However, the Court is not aware of any decision in this Circuit finding that these kinds of allegations sufficiently state a claim under the TCPA.[2] Just last year, Chief Judge Margo Brodie found that it was not possible to determine on a motion to dismiss whether the same plaintiff could be "appropriately characterized as a 'non-subscribing customary user.'" *Bank v. GoHealth, LLC*, No. 19-CV-5459, 2021 WL 1884671, at *11 (E.D.N.Y. May 11, 2021), *aff'd*, No. 21-1287-CV, 2022 WL 1132503 (2d Cir. Apr. 18, 2022). The Court would have to determine whether the plaintiff is a "called party" under the statute, which would complicate the proceedings unnecessarily, at a great expense of time and money to the unaffected subscriber class members.

---

[2] In *Leyse v. Lifetime Entertainment Servs.*, the Southern District held that a "called party" includes a plaintiff who "lived at the apartment with [the subscriber's] phone line for 13 years, and [had] regularly paid the bill for the telephone line." No. 13-CV-5794, 2015 WL 5837897, at *4 (S.D.N.Y. Sept. 22, 2015), *aff'd*, 679 F. App'x 44 (2d Cir. 2017). Similarly, in *Natale v. Arizona Premium Finance Co. Inc.*, the Western District found that a plaintiff qualified as a "called party" because the cellular phone subscriber shared the phone with the plaintiff "in a common household." No. 17-CV-934, 2021 WL 1062609, at *8 (W.D.N.Y. Mar. 18, 2021). By contrast, the Third Circuit opined that "a mere houseguest or visitor who picks up the phone would likely fall outside the protected zone of interests" under the TCPA. *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 326 (3d Cir. 2015).

*See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation"), *abrogated on other grounds by Microsoft Corp. v. Baker*, 582 U.S. 23 (2017); *Med. Soc'y of the State of New York v. UnitedHealth Grp. Inc.*, 332 F.R.D. 138, 150 (S.D.N.Y. 2019) (same). And that is the best-case scenario. The worst case is that the entire lawsuit could be dismissed, precluding subscriber class members from bringing their claims in a future lawsuit that does not even feature the plaintiff. *See Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (explaining that *res judicata* applies to all class members who were adequately represented by the named plaintiff and seek to bring the same legal claims); *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 347, 352–54 (E.D.N.Y. 2010) (dismissing a class action on *res judicata* grounds because a previous class action "encompassed" the class members and entered "judgment on the merits . . . in favor of the defendants"). The possibility of that bizarre result illustrates why the plaintiff would not be an adequate representative of a subscriber class.

The plaintiff also claims that Judge Kuo recommended denying his motion "because he did not opt out [of a related class-action litigation]," and his claims were therefore "released." (ECF No. 194 at 2.)[3] But Judge Kuo "assume[d], *arguendo*, that Plaintiff's claim was not released as a result of th[at] litigation." (ECF No. 193 at 10.) Finally, the plaintiff objects to Judge Kuo's analysis of his status as a "called party." (ECF No. 194 at 3.) In fact, Judge Kuo simply raised a concern that the plaintiff might not qualify as a "called party" under the TCPA; she did not resolve that question one way or the other. (*Id.* at 12 (noting that it was "not

---

[3] The plaintiff points out that this Court previously "recognized that [he] was not a member" of that class. (ECF No. 194 at 1–2.)

5

necessary to decide" the issue).) Accordingly, I do not address the plaintiff's objections to these portions of Judge Kuo's Report and Recommendation.

## CONCLUSION

For these reasons, I adopt Judge Kuo's well-reasoned Report and Recommendation in its entirety. The plaintiff's motion to certify the class is denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      March 10, 2023