UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                 :

**TODD C. BANK**,

                       Plaintiff,

                – against –

**ICOT HOLDINGS, LLC AND ICOT HEARING SYSTEMS, LLC**,

                        Defendants.

**MEMORANDUM DECISION AND ORDER**

18-CV-02554 (AMD) (PK)

------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff[1] brought this action individually and as a class action, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, and New York General Business Law ("GBL") § 399-p. The plaintiff asserts that he was at his mother's home and answered two prerecorded phone calls promoting hearing aids. The plaintiff asserts that these calls violated the TCPA because his mother's phone number was on the national do-not-call registry and no one had given the defendant express written consent to call that line.

Before the Court is the plaintiff's motion for partial summary judgment; he asks the Court to find that he was a "called party" under the TCPA and its implementing regulations. For the reasons explained below, the motion is denied.

## BACKGROUND

### I. Factual Background

The plaintiff answered two calls on his mother's residential telephone line, one in 2017 and the second in 2018. (ECF No. 201-2 at 10, 24–25, 39 (Todd Bank Deposition).) In both

---

[1] The plaintiff is an attorney.

calls, a prerecorded voice on the caller's end promoted hearing aids, and then transferred the plaintiff to a live person. (*Id.* at 24–25.) Michele Bank, the plaintiff's mother, was the subscriber for the residential telephone line to which the calls were made. Pl. 56.1 ¶ 1, ECF No. 201-2. The plaintiff does not live with his mother full-time, but spends "[m]ost weekends"—"a sizeable minority of his time"—at her home. (*Id.* ¶ 2; ECF No. 201-2 at 64 (Michele Bank Deposition); ECF No. 201-2 at 18 (Todd Bank Deposition).) The plaintiff has his mother's permission to use and answer the telephone when he is at her residence. (Pl. 56.1 ¶ 3; ECF No. 201-2 at 64 (Michele Bank Deposition).)

## II.   Procedural Background

The plaintiff brought this putative class action on April 30, 2018. (ECF No. 1.) He filed a second amended complaint on November 21, 2019, which is the operative pleading in this matter. (ECF No. 133.) The plaintiff alleges that the 2017 and 2018 phone calls from the defendants violated the TCPA and the GBL. He brings TCPA claims arising under: (i) the statute's bar on "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(B); and (ii) implementing regulations' prohibition on the placement of certain telephone solicitations to telephone numbers on the national do-not-call registry, 47 C.F.R. § 64.1200(c)(2). He also brings a claim under GBL Section 399-P(3)(a), which provides that "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device," the call must "state at the beginning . . . the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted."

On December 16, 2019, the defendants jointly moved to dismiss or strike the plaintiff's second amended complaint, arguing that the plaintiff's class claims were barred by a settlement agreement in a separate case against the same defendants, and that the plaintiff was not a member of the purported class. (ECF No. 135.[2]) I denied the motion to dismiss, because the settlement did not, at the motion to dismiss stage, bar the plaintiff's class action claims, and because the other challenges implicated premature questions of class certification. (ECF No. 140.)

On January 29, 2021, the plaintiff moved to certify the class. (ECF No. 163.) I referred the motion to Magistrate Judge Peggy Kuo. (*ECF Order dated Apr. 7, 2021*.) In a January 1, 2023 Report and Recommendation, Judge Kuo recommended that I deny the plaintiff's motion because the proposed class was not ascertainable. (ECF No. 193.) Judge Kuo reasoned that the plaintiff's class would have to include non-subscriber users of landline phones, because the plaintiff's mother was the subscriber, not the plaintiff. (ECF No. 193 at 13–16.) Judge Kuo recommended denying certification because the plaintiff proposed no workable methodology to ascertain non-subscriber class members. (*Id.* at 14.)

The Court adopted the Report and Recommendation in its entirety on March 13, 2023. The Court held that the plaintiff "would not be an adequate representative" of a class consisting solely of subscribers "because it is not settled in this Circuit that a non-subscriber like the plaintiff—who does not live with the subscriber but visits regularly—is a 'called party' under the TCPA," and the Court was "not aware of any decision in this Circuit finding [] these kinds of allegations sufficiently state a claim under the TCPA." (ECF No. 196 at 3–5.)

---

[2] Jacob Zellweger, an ICOT employee who was named as a defendant in the plaintiff's amended complaint but later voluntarily dismissed from the suit, also joined the motion to dismiss or strike the second amended complaint.

3

On May 5, 2023, the plaintiff filed a motion for partial summary judgment, arguing that he is a "called party" under the TCPA because he spends a "sizeable amount of time at [his mother's] residence," and his "privacy [was] interrupted by unwanted calls" while he was there. (ECF No. 201-3 at 4–5 (internal quotation marks omitted).) The defendants oppose, arguing that no case law supports the claim that someone who spends "a substantial minority of time" at his mother's residence is a "called party" under the TCPA. (ECF No. 202 at 4.)

## LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact "exists and summary judgment is therefore improper where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 296 (2d Cir. 2020) (internal quotation marks and citation omitted)).

## DISCUSSION

The TCPA was "intended to combat, among other things, the proliferation of automated telemarketing calls (known as 'robocalls') to private residences, which Congress viewed as a nuisance and an invasion of privacy." *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 322 (3d Cir. 2015) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)). "To this end, the Act makes it unlawful 'to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.'" *Id.* (quoting 47 U.S.C. § 227(b)(1)(B)).

"To make out a claim under the TCPA, [a plaintiff] must show that (1) [the defendant] called him as a 'called party' on a residential telephone line; (2) using an artificial or pre-

4

recorded voice; (3) without consent." *Leyse v. Lifetime Ent. Servs.*, No. 13-CV-5794, 2015 WL 5837897, at *3 (S.D.N.Y. Sept. 22, 2015) (citing 47 U.S.C. § 227(b)(1)(B)), *aff'd sub nom. Leyse v. Lifetime Ent. Servs., LLC*, 679 F. App'x 44 (2d Cir. 2017).

Although the TCPA does not define "called party," the Federal Communications Commission ("FCC") promulgated a rule defining a "called party" as an "individual[] who might not be the subscriber, but who, due to their relationship to the subscriber, [is] the number's customary user and can provide prior express consent for the call." *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991* [hereinafter *Rules & Reguls.*], 30 FCC Rcd. 7961 (2015).

Here, because the plaintiff was not the "subscriber" of the residential telephone line at issue, he must demonstrate that he is a "non-subscriber" customary user in order to qualify as a "called party." *See id.* The plaintiff has not done so and is therefore not entitled to a judgment as a matter of law.

The plaintiff has not cited any case, nor is the Court aware of any, holding that someone is a "called party" on these facts—where the only connection to the residential telephone line at issue is that the plaintiff spends "a sizeable minority of his time" at the residence with the subscriber telephone line, and is allowed to use that phone when he is there. (Pl. 56.1 ¶ 2, 3; ECF No. 201-2 at 64 (Michele Bank Deposition).) The FCC's rule includes examples of non-subscriber customary users, but nothing analogous to the plaintiff's situation. *See, e.g.*, *Rules & Reguls.*, 30 FCC Rcd. at 8001 & n.270 (suggesting a called party could be a non-subscriber to whom the subscriber has "transfer[red] primary use of the telephone," among other examples).

In *Leyse v. Lifetime Entertainment Servs.*, the court found that Leyse was a "called party" because he had lived at the subscriber's apartment for thirteen years, and regularly paid the bills

5

for the telephone line. 2015 WL 5837897, at *4. Similarly, in *Natale v. Arizona Premium Finance Co. Inc.*, the court found that Natale was a "called party" because the cellular phone subscriber "lived in the same apartment and thus constitute[d] a household" with Natale. No. 17-CV-934, 2021 WL 1062609, at *8 (W.D.N.Y. Mar. 18, 2021).

By contrast, the plaintiff has not shown he has primary use of his mother's residential telephone, that he lives with his mother, or that he pays the telephone bill for that line. His allegation—that he spends "a sizeable minority" of his time at his mother's apartment, (Pl. 56.1 ¶ 2)—does not establish that the plaintiff is a called party. Rather, he is more like a frequent "houseguest" or a "visitor who picks up the phone"—a category of users that the Third Circuit has opined "would likely fall outside the protected zone of interests" under the TCPA. *Bank of Am. Nat. Ass'n*, 804 F.3d at 326 (finding a "called party" where the subscriber was the plaintiff's roommate).

The plaintiff argues that the Court should interpret "called party" to include anyone who could have "given [valid] consent to the placement of ICOT's telephone calls." (ECF 201-3 at 6–7.) To support this interpretation, the plaintiff cites the FCC's explanations about a different provision of the TCPA—specifically, a provision barring robocalls to cellular telephones as opposed to residential telephone lines. The plaintiff argues that the "substantively identical" cell phone provision[3] supports his broad interpretation because the FCC, in a section of the rule addressing the cell phone provision, explained that a "'called party' is best understood to mean

---

[3] The cell-phone provision prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The plaintiff argues that this is "substantively identical" to the residential telephone provision, which prohibits "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B).

6

the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls." *Rules & Reguls.*, 30 FCC Rcd. at 8001 ¶ 74. Based on this explanation, the plaintiff argues that "it is indisputable that, if Bank had given consent to receive ICOT's calls, that consent would have been valid" because "Bank spent a sizeable amount of time at Michele Bank's residence, during which Bank was authorized to use the Receiving Number and did use it," and his "privacy was interrupted" by unwanted calls. (ECF No. 201-3 at 5–6.)

This argument is not persuasive. Aside from the fact that the commentary that the plaintiff cites does not apply to the provision at issue in this case, the plaintiff has not shown that "it is indisputable" that he could validly consent to robocalls to his mother's landline. Indeed, the FCC's guidance suggests otherwise. The FCC explains that "when an individual who is not the subscriber or other customary user answers the phone due to his or her proximity to those individuals, for example a passenger in the subscriber's car or the customary user's houseguest, there is no TCPA violation when the current subscriber or customary user has given the necessary prior express consent for the call." *Rules & Reguls.*, 30 FCC Rcd. at 8002.[4] In other words, there is no violation of the TCPA when a houseguest answers the phone as long as "the current subscriber or customary user has given the necessary prior express consent for the call." *Id.* The FCC does not suggest that the houseguest rather than the subscriber could give the necessary consent.

---

[4] Nor has the plaintiff shown that he is "the person who pays the bills or needs the line in order to receive other calls." *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 640 (7th Cir. 2012) (explaining with respect to the cellular telephone line provisions that "called party" means "the person subscribing to the called number at the time the call is made").

7

To the extent that the plaintiff is arguing that anyone whose privacy is interrupted by unwanted calls is a "called user," this argument too is unpersuasive. As the Third Circuit explained in rejecting a similarly broad interpretation, not "all those within earshot of an unwanted robocall are entitled to make a federal case out of it." *Bank of America*, 804 F.3d at 583. A "mere houseguest or visitor who picks up the phone" likely cannot bring such a case, while a "regular user of the phone line who occupies the residence" likely could. *Id.*[5] The plaintiff does not allege he "occupies the residence."

---

[5] The parties disagree about the significance of Chief Judge Brodie's ruling in *Bank v GoHealth*, in which she denied a motion to dismiss, but noted that the plaintiff alleged "less than the facts that courts have previously found to support statutory standing under the TCPA," because "[w]hether Plaintiff is more appropriately characterized as a 'non-subscribing customary user' of the telephone line or a 'mere houseguest,' presents a question of fact that the Court cannot decide on a motion to dismiss." No. 19-CV-5459, 2021 WL 1884671 (E.D.N.Y. May 11, 2021). Unlike the motion before Judge Brodie, this motion is for partial summary judgment. The plaintiff has not shown he is a non-subscribing customary user.

## CONCLUSION

For these reasons, the plaintiff's motion for partial summary judgment is denied.

**SO ORDERED.**

                                                                                            s/Ann M. Donnelly
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
         January 25, 2024